IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00386-CMA-CBS

THULE ORGANIZATION SOLUTIONS, INC.
a Colorado corporation,

      Plaintiff,

v.

KROOUSA, INC.,
a California corporation,

      Defendant.

___

**STIPULATED PROTECTIVE ORDER**
___

1.    This Stipulated Protective Order is applicable to Plaintiff Thule Organization Solutions, Inc. ("Plaintiff"), to Defendant KrooUSA, Inc. ("Defendant") (collectively "the Parties"), and to any other person who utilizes "Material" (as hereinafter defined) that is covered by this Stipulated Protective Order.  In addition, this Stipulated Protective Order becomes operable once it has been signed by counsel for Plaintiff and Defendant.  This Stipulated Protective Order will apply during and after the course of the above-captioned litigation, and will also apply during and after the course of any mediation or through the exchange of informal discovery.  As used herein, the term "Court" shall be understood to mean the District Court for the District of Colorado, and any mediator, arbitrator, or other third party neutral that the Parties consent to appear before in an attempt to resolve the dispute between the Parties.  It is expressly agreed between the Parties that this Stipulated Protective Order will not, in any manner, be

disclosed to the jury in this or any related matter. It is further ordered and agreed that this Stipulated Protective Order will not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of this or any related case, save and except a hearing which is solely and exclusively for the purpose of enforcing any provision of this Stipulated Protective Order.

2. A Party may designate any type of material, including, but not limited to, any document, data or thing produced, deposition testimony, or interrogatory answer produced, given, or served pursuant to discovery requests in this lawsuit (collectively, the "Material") as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only." "Confidential" Material shall only include any information that is non-public and contains confidential or sensitive technical, business, commercial, or personal information. "Highly Confidential - Attorneys' Eyes Only" Material shall only include information that is non-public and competitively sensitive to the producing party or competitively useful to the receiving party, such as pricing information; research, development, or technical information; marketing information; manufacturing and cost-related information; customer lists; product specifications; methods of manufacture; business plans; financial and accounting information; or licensing or contractual information. All such "Confidential" and/or "Highly Confidential - Attorneys' Eyes Only" Material and/or any information contained in or derived from any of the foregoing Material shall be subject to the provisions of this Stipulated Protective Order until further order of the Court. Nothing in this Stipulated Protective Order shall permit one Party to designate Materials produced by the other Party as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only," or otherwise subject those Materials to the provisions of this Stipulated Protective Order, except in the case where

such Material was originally the property of said Party; was disclosed in breach of a duty of confidentiality; and despite any such breach is still entitled to be treated as "Highly Confidential - Attorneys' Eyes Only" and/or "Confidential" as described herein.  Nothing contained herein shall impose any restrictions on the use (e.g., patent prosecution, reexamination request, etc.) or disclosure by a Party of Material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," obtained lawfully by such Party independently of any proceedings in this action, or which:  (a) was, is, or becomes public knowledge, not in violation of this Stipulated Protective Order; (b) was obtained from sources which are public; (c) is rightfully received by such Party from a third party which has authority to provide such information and Material and without restriction as to such disclosure; (d) was communicated to a third party without restriction as to disclosure; or (e) the receiving party can establish that the information was in its rightful and lawful possession at the time of disclosure or was developed independently by the receiving party without the use of the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material.

3.      The Material shall be designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only," as applicable, by stamping the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only," as applicable, on each page of the Material.  Any Party may designate a deposition or portion thereof as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material within 30 days of receipt of the transcript and so informing all other Parties to this lawsuit in writing of such designation.  Alternatively, a Party may orally designate testimony or exhibits as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material during the course of a deposition, in which case the court reporter shall transcribe

the pages and place the exhibits so designated in a separate volume marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as applicable. Any portion of a deposition so designated, or in a separately bound volume, shall not be filed with the Court, if applicable, except in accordance with paragraph 13 of this Stipulated Protective Order. All deposition transcripts which are not previously designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" during the course of the deposition shall be treated as "Highly Confidential - Attorneys' Eyes Only" Material for the 30-day period beginning with the receipt of the transcript by counsel.

    4.    No "Confidential" Material subject to this Stipulated Protective Order or extracts or summaries therefrom shall be given or shown to any person except the following "authorized persons":

    a.    Attorneys for any Party engaged in this lawsuit and the employees of such attorneys;

    b.    Employees of a corporate Party actively engaged in assisting that Party's attorneys in the conduct of this lawsuit to the extent reasonably necessary to enable the attorneys for the Party to render professional services in this lawsuit;

    c.    Persons not employees of any part to this lawsuit who are expressly retained to assist such Party's counsel in the preparation of this lawsuit for trial including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons ("Outside Experts"), but only after such Outside Expert has signed a statement in the form attached hereto as Exhibit A;

    d.    Independent litigation support services, including but not limited to document reproduction services, computer imaging services, and demonstrative exhibit services;

    e.    The Court, other court officials (including court or deposition reporters and videographers) and the trier of fact;

    f.    Qualified court reporters, court interpreters, translators taking testimony in the above-captioned proceeding, and their necessary stenographic, video graphic and clerical personnel thereof;

    g.    Any mediator or arbitrator agreed upon by the Parties and such mediator's/arbitrator's employees and staff; and/or

    h.    Any other person as to whom the Parties first agree in writing.

No authorized person allowed to view properly designated "Confidential" Material provided by the other Party shall use any "Confidential" Material of the other Party for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims in this lawsuit.

5.    No "Highly Confidential - Attorneys' Eyes Only" Material subject to this Stipulated Protective Order or extracts or summaries therefrom shall be given or shown to any person except the following "authorized persons" under the conditions described below:

    a.    Any outside attorney for any firm of record engaged in this lawsuit and the employees of such attorney(s);

    b.    Two designated party representatives actively engaged in assisting that Party's attorneys in the conduct of this lawsuit to the extent reasonably necessary to enable the attorneys for the Party to render professional services in this lawsuit.

        b(1).    The designated party representative for Defendant is to be determined.

        b(2).    The designated party representatives for Plaintiff are Tracy Williams and Bill Gregorak.

    c.    Persons not employees of any Party to this lawsuit who are expressly retained to assist such Party's counsel in the preparation of this lawsuit for trial including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons ("Outside Experts"), but only after such Outside Expert has signed a statement in the form attached hereto as Exhibit A;

  d. Independent litigation support services, including but not limited to document reproduction services, computer imaging services, and demonstrative exhibit services;

  e. The Court, other court officials (including court or deposition reporters and videographers) and the trier of fact;

  f. Qualified court reporters, court interpreters, translators taking testimony in the above-captioned proceeding, and their necessary stenographic, video graphic and clerical personnel thereof;

  g. Any mediator or arbitrator agreed upon by the Parties and such mediator's employees and staff; and/or

  h. Any other person as to whom the Parties first agree in writing.

No authorized person allowed to view "Highly Confidential - Attorneys' Eyes Only" Material of the other side shall use any "Highly Confidential - Attorneys' Eyes Only" Material of the other side for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims in this lawsuit.

  6. If counsel wishes to disclose "Confidential" Material to any person not designated in paragraph 4 above, or if counsel wishes to disclose "Highly Confidential - Attorneys' Eyes Only" Material to any person not designated in paragraph 5 above, counsel must proceed in the following manner: the names of the persons to whom "Confidential" Material or "Highly Confidential - Attorneys' Eyes Only" Material, as applicable, are to be disclosed and a description of the Material to be disclosed to such person shall be provided in writing to counsel for the producing party 7 business days in advance of disclosure to afford counsel an opportunity to object to such disclosure, and, if applicable, move the Court or arbitrator for a protective order. If no objection and/or motion for protective order are made within the 7 day period, disclosure to such named persons may be made after the expiration of such 7 day period. If an

objection and/or motion are made within the 7 day period, such Material shall not be disclosed pending a decision by the Court or arbitrator on such motion, if applicable. However, prior to involving the Court, the Parties shall first attempt to resolve such dispute in good faith on an informal basis. Any person who becomes authorized to receive "Confidential" Material or "Highly Confidential - Attorneys' Eyes Only" Material pursuant to this paragraph (whether such authorization arises from the lack of an objection and lack of a motion for protective order or from the Court's ruling on a motion for protective order) shall, prior to the receipt of such Material, execute a statement in the form attached hereto as Exhibit A. Disclosures made to all persons to whom disclosures are permitted hereunder shall be made subject to and in accordance with the terms of this Stipulated Protective Order.

7. This case will involve the discovery of "Confidential" and "Highly Confidential – Attorneys' Eyes Only" electronically stored information, but based on the limited claims/counterclaims asserted and the relative size of the parties and their storage of electronically stored information, the parties do not presently anticipate that this case will involve "extensive" electronically stored information. The parties have agreed to exchange, but limit discovery of electronically stored information based upon the following protocol. The parties will assist each other in identifying up to 10 key employees (those employees who are responsibly likely to have responsive information) for each party with searches for electronically stored information limited to e-mail accounts for each identified key employee and active files on the individual computers (including desktop and laptop and hand-held devices) of those key employees and active, archived files and archived e-mails of those key employees that may exist

on a party's network, so long as such electronically stored information is reasonably accessible and is not legacy data.

In addition, the parties will search their respective corporate servers and the electronic files of any e-mail account responsible for receiving and responding to sales inquiries and/or consumer complaint information, so long as such electronically stored information is reasonably accessible and is not legacy data. Each party will provide the other with a reasonable number of search terms and/or phrases (not to exceed a total of twenty search terms)( that the party's existing system is capable of searching and that are reasonably calculated to lead to the discovery of documents containing information relevant to the claims and defenses in this action. The parties agree that all relevant documents subject to the search terms and/or phrases referenced above will be created on or after May 19, 2009, the issue date of the '400 Patent. Copies of discoverable documents identified through searching will be produced in searchable PDF format and each party shall bear its own costs associated with the preservation, searching and production of electronically stored information.

8. If any Party believes in good faith that any Material which has been designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," as applicable, is not properly subject to the confidentiality provisions of this Stipulated Protective Order, that Party ("Objecting Party") may so notify the producing party in writing, provide a description of the Material which the Objecting Party believes should be freed from the constraints of this Stipulated Protective Order, and provide the reasons why the Material at issue is not properly subject to the confidentiality provisions of this Stipulated Protective Order ("Notice"). Copies of this Notice and the reasons shall be served on counsel for the Parties to this lawsuit within 10

days of receipt of the Material at issue. Once Notice has been properly served, the Parties shall, within 5 business days from the date of receipt of the Notice, confer and attempt to resolve such dispute in good faith on an informal basis. If the Parties cannot resolve the dispute, the confidentiality designation of the Material-in-question may be challenged by the Objecting Party upon motion. The Objecting Party must file a motion within 10 business days from service of such Notice and shall bear the burden of showing the disputed confidentiality designation as inappropriate. If such a motion is timely filed, the protection afforded by this Stipulated Protective Order shall continue until a decision on the motion is made by the Court or arbitrator(s) or resolution by the Parties.

9. Notwithstanding the foregoing, "Confidential" Material may be shown to the following persons:

    a. Persons qualified under paragraph 4 of this Stipulated Protective Order;

    b. Present employees of the Party that produced the "Confidential" Material;

    c. Persons who are shown on the face of the document to have been an author, source, or recipient of the "Confidential" Material; and

    d. Persons, who through testimony or through corroborating documents, have been demonstrated to have received or authored the "Confidential" Material, except in the case where such Material was originally the property of said Party, was disclosed in breach of a duty of confidentiality, and is still entitled to be treated as "Confidential" as described herein.

10. Notwithstanding the foregoing, "Highly Confidential - Attorneys' Eyes Only" Material may be shown to the following persons:

    a. Persons qualified under paragraph 5 of this Stipulated Protective Order;

    b. Present employees of the Party that produced the "Attorney's Eyes Only" Material;

      c.      Persons who are shown on the face of the document to have been an author, source, or recipient of the "Highly Confidential - Attorneys' Eyes Only" Material; and

      d.      Persons, who through testimony or through corroborating documents, have been demonstrated to have received or authored the "Highly Confidential - Attorneys' Eyes Only" Material, except in the case where such Material was originally the property of said Party, was disclosed in breach of a duty of confidentiality, and is still entitled to be treated as "Highly Confidential - Attorneys' Eyes Only" as described herein.

11. Before "Confidential" Material or "Highly Confidential - Attorneys' Eyes Only" Material, as applicable, is disclosed to a witness in a deposition, the witness must be authorized under paragraph 4 or paragraph 9 to see such "Confidential" Material or must be authorized under paragraph 5 or paragraph 10 to see such "Highly Confidential - Attorneys' Eyes Only" Material, as applicable. The Party making such disclosure shall inform the witness, on the record, that the use of such Material is subject to the terms of this Stipulated Protective Order. If any other person present at the deposition is not encompassed within the categories of persons defined in paragraph 4 and/or paragraph 9 of this Stipulated Protective Order, that person shall leave the deposition while any "Confidential" Material is being disclosed during the deposition. If any other person present at the deposition is not encompassed within the categories of persons defined in paragraph 5 and/or paragraph 10 of this Stipulated Protective Order, that person shall leave the deposition while any "Highly Confidential - Attorneys' Eyes Only" Material is being disclosed during the deposition.

12. Disclosure of Material to an outside expert under Sections 4.c. and 5.c. shall not constitute a designation of the person as an expert whose opinions may be presented at trial.

13. No "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material shall be filed in the public record of this lawsuit. Before any information and/or materials produced in discovery, answers to interrogatories, responses to requests for admission, deposition transcripts, or other documents which are designated as "Confidential" and/or "Highly Confidential - Attorneys' Eyes Only" information are filed with the Court for any purpose, the Party seeking to file such information and/or material shall seek the permission of the Court to file said material under seal and shall follow the requirements of D.C.COLO.LCivR 7.2 and the most recent version of the District of Colorado ECF Procedures. "Confidential" and/or "Highly Confidential - Attorneys' Eyes Only" Material and is not to be shown to anyone other than to those permitted in paragraphs 4, 5, 9, & 10 respectively and to Court personnel, unless Court Order or Stipulation signed by counsel for the producing party provides otherwise. Such pleadings or other filed papers accepted by the Court shall be kept under seal by the Clerk of this Court until further order of the Court. Where possible, only the "Confidential" and/or "Highly Confidential - Attorneys' Eyes Only" portions of filings with the Court shall be filed under seal.

14. In the event that any Party or any other individual described in paragraphs 4 or 5 above is served with a subpoena or other judicial process demanding the production or disclosure of any Material designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only," such Party or individual shall: (a) provide counsel for the Party that produced the "Confidential" and/or "Attorney's Eyes Only" Material with a copy of such subpoena or other judicial process within 5 business days following receipt thereof and (b) shall initially object thereto to the extent permitted by law, citing this Stipulated Protective Order. Nothing herein shall be construed as

requiring such Party or individual to further challenge or appeal any order requiring production of this "Confidential" and/or "Highly Confidential - Attorneys' Eyes Only" Material.

15.     The Parties reserve their rights to agree on procedures for handling and introducing into evidence at the time of trial or arbitration Materials deemed "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

16.     This Stipulated Protective Order shall not be deemed a waiver of:

    a.     Any Party's right to object to any discovery request on any ground;

    b.     Any Party's right to seek an order compelling discovery with respect to any discovery request;

    c.     Any Party's right in any proceeding in this lawsuit to object to the admission of evidence on any ground; or

    d.     Any Party's right to use and/or disclose its own documents and its own "Confidential" Material or its own "Highly Confidential - Attorneys' Eyes Only" Material in its sole and complete discretion.

17.     The provisions of this Stipulated Protective Order shall continue in effect with respect to any "Confidential" Material and "Highly Confidential - Attorneys' Eyes Only" Material until expressly released by the Party furnishing such Material, and such effectiveness shall survive the final determination of this action. Unless otherwise agreed by the Party producing such Material, within 60 calendar days of the final determination of this action, each Party and any person under paragraphs 4.c. and 5.c. above shall return to the producing party or destroy all "Confidential" Material and "Highly Confidential - Attorneys' Eyes Only" Material in its possession, custody or control, and all copies, derivations and summaries thereof. For purposes of this Stipulated Protective Order, the "final determination of this action" shall be deemed to be the later of (i) full settlement of all claims, final judgment or the completion and

exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of that lawsuit, or (ii) the expiration of all time limits under applicable law for the filing of or application for all appeals, rehearings, remands, trials or reviews of that action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. Notwithstanding the foregoing, counsel of record may retain two (2) complete sets of all depositions, deposition exhibits, transcripts, pleadings and documents filed with the Court and/or admitted into evidence. Counsel for any Party receiving things designated as "Confidential" Material or "Highly Confidential - Attorneys' Eyes Only" Material shall make written certification of compliance with this provision regarding return or destruction, and shall deliver the same to counsel for the producing party within 90 calendar days after the final determination of this action.

18. Counsel for the Parties to whom "Confidential" Material and "Highly Confidential - Attorneys' Eyes Only" Material has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Stipulated Protective Order and for securing execution of and retaining the statement attached hereto as Exhibit A when required under the provisions of this Stipulated Protective Order. Counsel may dispose of such statements after the final determination of this action.

19. If "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material produced in accordance with this Stipulated Protective Order is inadvertently (or otherwise) disclosed to any person other than in a manner authorized by this Stipulated Protective Order, the Party responsible for the disclosure shall immediately bring all pertinent facts related to such disclosure to the attention of all counsel of record. In addition, the Party responsible for the

disclosure shall, without prejudice to other rights and remedies of the Party that produced the Material, make every possible effort to prevent any further disclosure by it or by the person(s) who received such Material.

20.     The inadvertent disclosure/production of any privileged Material in connection with this lawsuit or any arbitration shall not be deemed a waiver of that privilege, or to preclude reliance on that privilege, with respect to that Material, or any other Material, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent disclosure/production.  Such inadvertently produced Material and all copies thereof shall promptly be returned to the producing party upon request.  No use shall be made of such Material other than to challenge the propriety of the asserted privilege, nor shall they be shown to anyone (except the Court and its personnel as part of such a challenge) who has not already been given access to them subsequent to the request to return them.

21.     The limited inadvertent disclosure of any "Confidential" Material or "Highly Confidential - Attorneys' Eyes Only" Material shall not be grounds for objecting to its treatment as "Confidential" Material or as "Highly Confidential - Attorneys' Eyes Only" Material, as applicable, if such treatment is appropriate to protect the remaining confidentiality of the Material.  Thus, limited inadvertent failure to designate material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the producing party's right to secure protection under this Stipulated Protective Order for such Material.  If Material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the Material is initially produced, the Party receiving such information, on subsequent notification of the new designation, must make reasonable efforts to ensure that the Material is

treated in accordance with the provisions of this Stipulated Protective Order. The Party receiving such information, however, is not responsible for harm, if any, caused by the dissemination or use of the Material before it is marked as "Confidential" or "Highly Confidential - Attorneys' Eyes Only." The producing party shall bear the responsibility for replacing a copy of the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material with an appropriately designated copy. Counsel for the Party receiving notice of newly designated documents, testimony or other information, shall take reasonable steps to comply with such new designation(s), including reasonable steps to retrieve any documents previously distributed inconsistently with such new designations.

22. This Stipulated Protective Order shall apply to the Parties to this proceeding and also to any other person producing or disclosing "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material in this proceeding, who agrees or is ordered to be bound by this Stipulated Protective Order. If, in the course of this action, Material is sought from a non-party which would require such Party to disclose and/or produce "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material, such non-party may obtain the protections of this Stipulated Protective Order by agreeing in writing to produce such information pursuant to this Stipulated Protective Order and to be bound by it. No further order or agreement shall be necessary to extend the protections of this Stipulated Protective Order to non-parties.

23. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material pursuant to this Stipulated Protective Order, and

the Court, if applicable, shall retain continuing jurisdiction over all such Parties to enforce the terms of this Stipulated Protective Order.

24. Notwithstanding the foregoing, nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his/her client, and in the course thereof, referring to or relying upon the attorney's examination of "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material, provided, however, that in rendering such advice and in otherwise communicating with his/her client, the attorney shall not disclose or summarize the contents or the source of any such Material.

25. Nothing herein shall preclude the Parties in this lawsuit from filing any subsequent proceeding involving the Parties and/or requesting any discovery related thereto.

26. The Parties reserve the right to amend or modify this Stipulated Protective Order upon agreement of the Parties and for good cause shown.


DATED at Denver, Colorado, this 31st day of  MayMay, 2011.

                                                BY THE COURT:


                                          *s/Craig B. Shaffer*
                                          Craig B. Shaffer
                                          United States Magistrate Judge

APPROVED: May 24, 2011

By: s/ Ian R. Walsworth                         By: s/ Ramon L. Pizarro
    Todd P. Blakely                                    Ramon L. Pizarro
        tblakely@sheridanross.com              ramon@ramonpizarro.com
    Ian R. Walsworth                              Hampden Executive Plaza
        iwalsworth@sheridanross.com          3315 S. Tamarac Drive, Suite 200
    SHERIDAN ROSS P.C.                        Denver, Colorado 80237
    1560 Broadway, Suite 1200                 Telephone:   303-758-2819
    Denver, Colorado 80202-5141           Facsimile:    303-689-9627
    Telephone:   303-863-9700
    Facsimile:    303-863-0223

ATTORNEY FOR PLAINTIFF                  ATTORNEY FOR DEFENDANT
THULE ORGANIZATION                       KROOUSA, INC.
SOLUTIONS, INC.